COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-228-CV
 
 
  
IN 
THE MATTER OF
 
 
K.P.S.
 
 
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
K.P.S., a juvenile, appeals from the adjudication and disposition of his 
delinquency proceeding. In five issues, appellant argues that (1) during final 
arguments at the disposition hearing, the trial judge improperly solicited, 
procured, and considered information that came from nonwitnesses and thereby 
violated his constitutional right to due process, which constituted fundamental, 
structural error, (2) after appellant had closed and while he was presenting his 
final arguments on disposition, the trial judge improperly solicited, procured, 
and considered highly prejudicial additional information, which violated 
appellant’s constitutional right to due process because appellant was no 
longer able to present a case in rebuttal, which constituted fundamental, 
structural error, (3) during final arguments at the disposition hearing, the 
trial judge improperly assumed the role of prosecutor by developing the case 
beyond that which the prosecutor himself had seen fit to develop and thereby 
violated appellant’s right to an impartial judge and constitutional right to 
due process, which constituted fundamental structural error, (4) the trial judge 
improperly questioned appellant and thereby violated his Fifth Amendment right 
not to have to testify against himself, which constituted fundamental, 
structural error, and (5) the evidence was factually insufficient to support the 
finding that appellant committed arson.  We affirm.
II. Background Facts
        Appellant 
was charged with one count of arson and one count of forgery.  See Tex. Penal Code Ann. § 28.02 (Vernon 
2003), § 32.21 (Vernon Supp. 2004-05).  Appellant waived his right to a 
jury trial and stipulated to the forgery count. After an adjudication and 
disposition hearing, the trial court adjudicated appellant delinquent on both 
counts and ordered that appellant be committed to the Texas Youth Commission for 
an indeterminate period not to exceed his twenty-first birthday.
III. Trial Court’s Conduct
        In 
his first four issues, appellant complains that the trial court violated his 
right to due process and his Fifth Amendment right not to testify against 
himself by soliciting and considering information relating to an infraction that 
appellant had allegedly committed while he was in detention. During 
appellant’s disposition hearing, appellant’s counsel contended during his 
closing argument that appellant has been on “Level One” and has not 
committed any infractions while he has been in detention. The following exchange 
then occurred between the trial court and appellant:
   
THE COURT: Actually, I think he had a problem last night, is that right?
 
[APPELLANT]: 
Huh-uh.
 
THE 
COURT: You’re not on Level Two Unacceptable?
 
[APPELLANT]: 
No ma’am.
 
THE 
COURT: That’s not what my report dated today indicates.
 
[APPELLANT]: 
No, ma’am, the guy told me, he read us our levels, and he told me I was on 
Level One, still Outstanding.
 
THE 
COURT: When did he say that?
 
[APPELLANT]: 
This morning.
 
THE 
COURT: So there wasn’t a problem with you getting a major infraction for 
talking at the table last night?
 
[APPELLANT]: 
No ma’am.
 
THE 
COURT: Mr. Sumpter, can you check on that?
 
PROBATION 
OFFICER SUMPTER: Yes, Your Honor, I’ll check on that.
 
Appellant’s 
counsel completed his closing argument, and then the following occurred:
   
THE COURT: Thank You. Ms. Kelleher, did you find out anything?
 
PROBATION 
OFFICER KELLEHER: Your Honor, I spoke with the Detention Supervisor, Greg Frick, 
and your report is correct.
 
THE 
COURT: All right. All right. So are you saying nothing happened last night? Are 
you still saying that?
 
[APPELLANT]: 
They didn’t tell me anything.
 
THE 
COURT: Well, you’re the one that would have gotten in trouble. Did you get 
into any trouble last night?
 
[APPELLANT]: 
No, ma’am, I thought I sat by myself last night when I was eating.
 
THE 
COURT: You can’t remember?
 
[APPELLANT]: 
No, ma’am.
 
 
Appellant 
did not object during either exchange.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999). Further, the trial 
court must have ruled on the request, objection, or motion, either expressly or 
implicitly, or the complaining party must have objected to the trial court’s 
refusal to rule. Tex. R. App. P. 
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
“Except for complaints involving systemic (or absolute) requirements, or 
rights that are waivable only, . . . all other complaints, whether 
constitutional, statutory, or otherwise, are forfeited by failure to comply with 
Rule 33.1(a).” Mendez, 138 S.W.3d at 342.
        Appellant 
argues that the trial court committed fundamental error when it improperly 
solicited and considered information relating to the alleged infraction.  
As support for his argument, appellant relies primarily on Blue v. State, 
41 S.W.3d 129 (Tex. Crim. App. 2000).  In Blue, the trial judge 
apologized to a group of prospective jurors during the jury selection process, 
telling them that he would have preferred that the defendant plead guilty rather 
than go to trial.  Id. at 130.  The court of criminal appeals 
held that the comments “tainted appellant’s presumption of innocence in 
front of the venire, were fundamental error of constitutional dimension and 
required no objection.”  Id. at 132.
        The 
present case differs significantly from Blue.  The trial court’s 
actions did not taint appellant’s presumption of innocence.  At the time 
the trial court questioned appellant, it had already adjudicated appellant 
delinquent.  Further, while the trial court in Blue directed its 
comments at prospective jurors, appellant waived his right to a jury trial, and 
therefore there were no jurors to be affected by the trial court’s 
conduct.  Thus, unlike Blue, the trial court’s conduct did not 
taint the presumption of appellant’s innocence or vitiate the jury’s 
impartiality.  Finally, we agree with Justice Keasler, who wrote that Blue 
was “highly unique and litigants should not view [its] holding as an 
invitation to appeal without making proper timely objections.” Id. at 
139 (Keasler, J., concurring).  Accordingly, the trial court’s actions 
did not constitute fundamental error, and appellant had to object in order to 
preserve error for appeal.  We overrule appellant’s first four issues.
IV. Factual Sufficiency
        In 
his fifth issue, appellant argues that the evidence was factually insufficient 
to support the finding that he committed arson.  In reviewing the factual 
sufficiency of the evidence to support a conviction, we are to view all the 
evidence in a neutral light, favoring neither party.  See Zuniga v. 
State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question 
to be answered in a factual sufficiency review is whether, considering the 
evidence in a neutral light, the fact finder was rationally justified in finding 
guilt beyond a reasonable doubt.  Id. at 484.  There are two 
ways evidence may be factually insufficient: (1) the evidence supporting the 
verdict or judgment, considered by itself, is too weak to support the finding of 
guilt beyond a reasonable doubt; or (2) when there is evidence both supporting 
and contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt.  Id. at 484-85.  “This standard acknowledges that 
evidence of guilt can ‘preponderate’ in favor of conviction but still be 
insufficient to prove the elements of the crime beyond a reasonable 
doubt.”  Id. at 485.  In other words, evidence supporting a 
guilty finding can outweigh the contrary proof but still be insufficient to 
prove the elements of an offense beyond a reasonable doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at 481; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s. Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at 484, 486-87.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant’s complaint on appeal.  Sims v. 
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        Janet 
Reid lived in the Waterford On The Green apartments in North Richland 
Hills.  She testified that on January 20, 2004, she opened the door to her 
apartment and noticed a young man smoking a cigarette and standing on the 
balcony of an upstairs apartment in the apartment building next to hers.  
She closed her door.  Several minutes later, she again opened her door when 
she heard a man outside knocking on apartment doors and telling people that 
there was a fire.  She saw that the balcony where she had seen the young 
man standing was on fire.
        J.F., 
who is twelve-years-old, testified that on January 20, he was talking to group 
of kids in the park area of the apartment complex where he lived. J.F. lived in 
the Diamond Loch Apartments, which were two apartment complexes down from the 
Waterford On The Green apartments, where appellant was visiting his 
grandparents.  J.F. testified that appellant told him that he was scared to 
go back to his apartments because he had started a fire.
        A.H., 
who is fifteen-years-old, was standing and talking with appellant, J.F., and 
some other kids in the park area.  She testified that appellant told her he 
started the fire by rolling Kleenex or some type of paper into a ball, lighting 
it, and throwing it into the storage closet of his grandparents’ apartment.
        Cary 
King, a fire investigator, testified that he spoke to N.J., who told him that 
appellant said that he had started the fire using a paper towel.  King 
testified that the origin of the fire was most likely inside or near the storage 
closet on the balcony of the apartment where appellant’s grandparents lived 
and that the evidence indicated that the fire did not start in the electrical 
box, which was inside the storage closet.  King also testified that the 
evidence was consistent with someone setting paper on fire and tossing it onto 
the boxes in the storage closet and that no accelerant, such as gasoline or 
kerosene, was used.
        On 
cross-examination, King testified that he could not eliminate the possibility 
that the fire had started in the neighboring apartment’s storage closet, which 
shared a wall with appellant’s grandparents’ storage closet.  King also 
testified that the juvenile witnesses he interviewed were initially hesitant to 
give him information.  He said that the witnesses were “not voluntary at 
all” and that “[w]e had to find them.” King testified that he told the 
witnesses that they could get into trouble if they withheld information.
        Eddie 
Colwell is appellant’s grandmother. She testified that on the day of the fire 
she was inside her apartment watching appellant as he sat on her patio smoking a 
cigarette and talking to his girlfriend on the telephone.  She testified 
that appellant never got out of the chair he was sitting in and that she watched 
him during the entire ten or fifteen minutes he was on her patio. According to 
Colwell, after appellant came inside, she noticed flames coming from under the 
storage room door.
        The 
elements of arson are (1) starting a fire or causing an explosion, (2) with 
intent to destroy or damage a habitation, and (3) knowing that it is within the 
limits of an incorporated city or town, knowing that it is located on property 
belonging to another, knowing that it has located within it property belonging 
to another, or being reckless about whether the burning or explosion would 
endanger the life of some individual.  See Tex. Penal Code Ann. § 28.02.
        As 
the fact finder, the trial court could choose whether to believe all, some, or 
none of the testimony presented.  See Chambers v. State, 805 S.W.2d 
459, 461 (Tex. Crim. App. 1991); Darby v. State, 145 S.W.3d 714, 721 
(Tex. App.—Fort Worth 2004, pet. struck).  Considering all the evidence 
in a neutral light, we hold that, if the trial court believed the testimony of 
the juvenile witnesses and the fire investigator and did not believe the 
testimony of appellant’s grandmother, it could have rationally found beyond a 
reasonable doubt that appellant committed arson.  We overrule appellant’s 
fifth issue.
V. Conclusion
        Having 
overruled appellant’s five issues, we affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
  
 
PANEL 
F:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DELIVERED: 
April 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.